### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

Wayne Bell

    v.                                              Civil No. 09-fp-319-JM

James O'Mara, Superintendent,
Hillsborough County Department
of Corrections

### O R D E R

Before the Court is Wayne Bell's complaint (document no. 1), alleging that defendant is retaliating against him, for previously having filed civil actions in this Court, by holding him in jail for one month beyond his maximum release date.  The matter is before me for preliminary review.  See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule 4.3(d)(2).  Because Bell alleged in his initial filing that his maximum release date had already passed, I construed the complaint to contain a request for preliminary injunctive relief and ordered an immediate hearing be scheduled.  That hearing was held before me on September 21, 2009.

#### Background

Bell's complaint alleges that in June 2009, he requested, by inmate request slip, his maximum release date.  According to that request slip, submitted with Bell's complaint, he received a

response indicating that his maximum release date was September 4, 2009.  The jail, however, did not release him on September 4, and, Bell states, does not intend to release him until October 4, 2009.

At the September 21 hearing, defendant produced Bell's state court commitment orders.  Those orders, the authenticity and accuracy of which Bell does not dispute, make it clear that Bell received three consecutive sentences in April 2008 which amounted to a total of seventeen months to serve in jail.  Bell began serving that sentence on May 8, 2008.  Seventeen months after that date is October 4, 2008.

Defendant's counsel explained to the Court that inmate requests for release date information are answered based on information an officer obtains from computer records.  The software that calculates release dates, however, presumes that inmates will be awarded time off of their sentences for good behavior.[1]  When inmates' sentences are not so reduced, the

---

[1] See N.H. Rev. Stat. Ann. § 651:18(II) (authorizing the Superintendent of a County Jail in New Hampshire to, in his or her discretion, discharge an inmate from serving the balance of his or her sentence after having served 2/3 of that sentence, where the inmate has been of good conduct while incarcerated, and "it shall appear to the superintendent to be a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen.").

computer program can produce incorrect results, if the program is not properly reset for each sentence affected. Bell's sentence was not reduced for good behavior. In Bell's case, the program was not properly reset, resulting in Bell receiving an incorrect response to his request. The uncontroverted evidence at the hearing, however, is that Bell is, until October 4, 2009, serving a valid sentence at the Hillsborough County House of Correction.

### Conclusion

Bell has failed to state any claim upon which relief might be granted in his complaint or at the hearing. I deny his request for preliminary injunctive relief and dismiss this action. The Clerk is directed to close the case.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    September 21, 2009

cc:      Wayne Bell, pro se
         Carolyn Kirby, Esq.

JM:jba